UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB WINDING, | No. 2:15-cv-01974-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| LANDSAFE DEFAULT, INC., et al., | |
| Defendants. | |

This case is before the undersigned pursuant to Local Rule 302(c)(21). Currently pending before the court are plaintiff's motions for reconsideration, ECF No. 36, and default judgment, ECF No. 37. Defendants ReconTrust Company, N.A., Bank of America, N.A. ("BANA"), MERSCORP Holdings, Inc., Mortgage Electronic Registration Systems, Inc., Landsafe Title, Inc., Ninoush Samimi, Elizabeth Lopez, Diane Bolton, Susan R. Hardison, Michelle I. Miller, Ann G. Montealegre, Ramon Olivas, and Ahmad Afzal's (collectively "Recon Defendants") ex parte motion for an extension of time is also pending. ECF No. 34. Finally, defendant Landsafe Default, Inc. ("Landsafe Default") has filed a motion to dismiss. ECF No. 35.

PROCEDURAL HISTORY

Plaintiff filed his complaint in the Northern District of California on April 8, 2015, alleging RICO violations based on the alleged wrongful foreclosure of properties located at the following addresses:

1

1  • 2134 South Union Street, Modesto, California 95206

2  • 246 Kimble Street, Modesto, California 95351

3  • 5659 Vintage Circle, Stockton, California 95219

4  • 3642 Popolo Circle, Stockton, California 95212

5  • 1228 2nd Street, Merced, California 95340

6  • 5528 Governor Circle, Stockton, California 95210

7  • 3814 Pine Lake Circle, Stockton, California 95219

8  • 10514 Rubicon Avenue, Stockton, California 95219

ECF No. 1.  The court scheduled plaintiff's case management conference for August 4, 2015, but on the day of the conference no party, including plaintiff, appeared.  ECF Nos. 2, 4.  In addition, plaintiff had yet to submit proof of service of any defendant at that time.  Accordingly, on August 5, 2015, the court issued an order to show cause why the matter should not be dismissed for failure to prosecute.  ECF No. 5.

On August 21, 2015, plaintiff filed a first amended complaint, terminating a number of defendants from the matter and adding others.  ECF No. 12.  On August 26, 2015, plaintiff filed a response to the court's order to show cause, claiming that he had failed to serve defendants and attend the scheduling conference due to illness.  ECF No. 15.  On the same day, plaintiff filed summons returned executed for defendants Recontrust Company, N.A., Landsafe Title Inc., Landsafe Default, BANA, Ninoush Samimi, Elizabeth Lopez, Susan R. Hardison, Ann G. Montealegre, Michelle I. Miller, Ramon Olivas, Diane Bolton, and Ahmad Afzal.  ECF Nos. 17–28.  On August 27, 2015, the court discharged its first order to show cause, and issued a second order to show cause why the case should not be transferred to the Eastern District of California. ECF No. 16.  The order noted that 29 U.S.C. § 1391 situates venue in the district where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  Id.  Despite plaintiff's claim that a substantial part of the events at issue in his amended complaint occurred in the Northern District of California, every property listed by plaintiff is located in the Eastern District.  Id.

On September 4, 2015, plaintiff filed a response to the court's order to show cause,

1 asserting that venue is proper in the Northern District because that is where plaintiff resides. ECF
2 No. 29. Plaintiff's response also repeated his claim that a substantial portion of the events at issue
3 occurred in the Northern District. Id. On the same day, plaintiff filed proofs of service for
4 defendants Mortgage Electronic Registration Inc. and Merscorp Holding Inc. ECF Nos. 30, 31.
5 On September 8, 2015, the court found venue to be proper in the Eastern District of California and
6 ordered the matter transferred. ECF No. 32. The case was transferred to the Fresno Division of
7 the Eastern District.

8     On September 14, 2015, the Recon Defendants filed an ex parte motion seeking an
9 extension of time to file a responsive pleading or motion. ECF No. 34. In the absence of an
10 extension, defendants' responses were due on September 14, 2014. Id. The Recon Defendants
11 explained that they required an extension because they were still attempting to get in contact with
12 some of the individual defendants to secure an agreement regarding representation. Id. The
13 Recon Defendants also asserted that they had asked plaintiff to stipulate to an extension, but that
14 he refused to do so. Id. On the same day, defendant Landsafe Default filed a motion to dismiss
15 noticed before the magistrate judge presiding at that time. ECF No. 35. On September 15, 2015,
16 plaintiff filed a motion for reconsideration of the Northern District of California's order
17 transferring the matter. ECF No. 36. Plaintiff's motion re-asserts his claim that a majority of the
18 events giving rise to his claims took place in the Northern District, but does not include further
19 explanation for why the Northern District is the appropriate venue. Id. A day later, plaintiff filed
20 a motion for default judgment. ECF No. 37.

21     On September 18, 2015, the court ordered this matter transferred from the Fresno Division
22 courthouse to the Sacramento Division. ECF No. 38. The court's order reasoned that the
23 Sacramento Division is the more convenient courthouse both because a majority of the properties
24 listed by plaintiff are located in the Sacramento Division and because plaintiff resides in the
25 Sacramento Division. Id. On September 18, 2015, a scheduling conference was set before the
26 undersigned on February 24, 2016. ECF No. 39. On the same day, both the Recon Defendants
27 and Landsafe Default filed oppositions to plaintiff's motion for default judgment. ECF Nos. 40,
28 41.

DISCUSSION

I.     The Recon Defendants' Ex Parte Motion for an Extension

The court finds that the Recon Defendants have asserted good cause for the granting of an extension to file a responsive motion or pleading. Accordingly, the court will grant the Recon Defendants' request for a 30-day extension, making their responsive motion or pleading due by October 14, 2015.

II.    Plaintiff's Motion for Reconsideration of the Transfer of this Matter

The court will deny plaintiff's motion for reconsideration because he has not shown that venue in the Eastern District of California is improper. Plaintiff's motion requests that the court undo the Northern District of California's transfer of this matter to the Eastern District. Plaintiff's motion, however, does not raise any argument not already addressed by the Northern District of California District Court. In fact, the only relevant argument plaintiff makes regarding venue is that venue is proper in the San Jose Division of the Northern District of California because plaintiff resides in San Jose. This argument does not; however, establish that venue is proper in the Northern District. Assuming plaintiff does, in fact, reside in San Jose, venue is still proper in the Sacramento Division of the Eastern District of California because a substantial portion of the property at issue is located here.[1] See 29 U.S.C. § 1391. Accordingly, the court will deny plaintiff's motion for reconsideration.

III.   Plaintiff's Motion for Default Judgment

The court will deny plaintiff's motion for default judgment because it is without merit. Plaintiff argues that defendants failed to file a timely responsive motion or pleading and requests that the court enter a default judgment against them. As an initial matter, Federal Rule of Civil Procedure 55(b)(2) provides for a court ordered default judgment after an entry of default under Federal Rule of Civil Procedure 55(a). See Penpower Technology Ltd. v. SPC Technology, 627 F. Supp. 2d 1083, 1088 (N.D. Cal. 2008). Here, plaintiff never sought an entry of default, nor has one been entered. See Fed. R. Civ. P. 55(a). Accordingly, the court will deny plaintiff's motion.

---

[1] If plaintiff does indeed reside in San Jose, he must update his mailing address with the court. See Local Rule 182(f).

4

Alternatively, even if plaintiff's motion was proper, the court would deny it on the merits. First, plaintiff asserts that not a single defendant has filed a timely responsive motion or pleading, but as to defendant Landsafe Default that is simply incorrect. See ECF No. 35. In addition, on September 14, 2015, the Recon Defendants filed an ex parte motion for extension of time to file a responsive pleading or motion. ECF No. 34. As the court has already noted, the Recon Defendants' motion will be granted. The Recon Defendants' motion for an extension of time is sufficient indication of their intent to defend this action, precluding a default judgment. See Fed. R. Civ. P. 55(a) (requiring the clerk of the court to enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*, and that failure is shown by affidavit or otherwise" (emphasis added)). Accordingly, the court will deny plaintiff's motion for default judgment.

IV.    Defendant Landsafe Default's Motion to Dismiss

Defendant Landsafe Default's motion to dismiss is not properly noticed before the undersigned, as it was filed prior to this matter's transfer to this courthouse. Accordingly, defendant Landsafe Default is instructed to re-notice the motion before the undersigned in accordance with Local Rule 230.

CONCLUSION

In accordance with the foregoing, THE COURT HEREBY ORDERS that:

1. The Recon Defendants' motion for an extension of time, ECF No. 34, is GRANTED. The Recon Defendants must file a responsive motion or pleading to plaintiff's amended complaint by October 14, 2015.

2. Plaintiff's motion for reconsideration, ECF No. 36, is DENIED;

3. Plaintiff's motion for default judgment, ECF No. 37, is DENIED; and

4. Defendant Landsafe Default is ordered to re-notice its September 14, 2015, motion to dismiss, ECF No. 35, before the undersigned in accordance with Local Rule 230.

DATED: September 23, 2015

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE