1

2

3

4

5

6

7

8                                   UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JACOB WINDING,                                No.  2:15-cv-01974-KJM-AC

12                    Plaintiff,

13           v.                                      ORDER AND FINDINGS &
                                                     RECOMMENDATIONS
14    LANDSAFE DEFAULT, INC., et al.,

15                    Defendants.

16

17           Plaintiff is proceeding in this action in pro per.  On April 8, 2015, plaintiff filed his

18    complaint in this action and paid the $400 filing fee.  ECF No. 1.  On August 21, 2015, plaintiff

19    filed a first amended complaint.  ECF No. 12.  On September 10, 2015, this matter was

20    transferred to the Fresno Division of the Eastern District of California from the Northern District

21    of California.  ECF No. 33.  On September 14, 2015, defendant Landsafe Default, Inc.

22    ("Landsafe") filed a motion to dismiss or, in the alternative, motion for a more definite statement.

23    ECF No. 35.  On September 18, 2015, the matter was transferred to this court.  ECF No. 38.  On

24    September 25, 2015, Landsafe re-noticed its motion in front of the undersigned.  ECF No. 43.  On

25    October 14, 2015, the remaining appearing defendants filed a motion to dismiss that was

26    improperly noticed before the presiding district judge.  ECF No. 44.  The presiding district judge

27    vacated that hearing and instructed the defendants to re-notice their motion before the

28    undersigned on October 16, 2015.  ECF No. 47.  Defendants then re-noticed their motion before

1

1   the undersigned on October 20, 2015.  ECF No. 48.

2          On November 20, 2015, defendants filed notices informing the court that plaintiff had

3   failed to file a timely opposition to their motions to dismiss.  ECF Nos. 50, 51.  On November 24,

4   2015, in light of plaintiff's failure to file a timely opposition, the court ordered plaintiff to show

5   cause within fourteen days why his complaint should not be dismissed for failure to prosecute.

6   ECF No. 52.

7          Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action

8   for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to

9   comply with the court's local rules, or failure to comply with the court's orders.  See, e.g.,

10   Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte

11   to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest

12   Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant

13   to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply

14   with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260

15   (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss

16   an action for failure to comply with any order of the court."); Pagtalunan v. Galaza, 291 F.3d 639,

17   642–43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when

18   habeas petitioner failed to file a first amended petition).  This court's Local Rules are in accord.

19   See E.D. Local Rule 110 ("Failure of counsel or a party to comply with these Rules or with any

20   order of the Court may be grounds for imposition by the Court of any and all sanctions authorized

21   by statute or Rule or within the inherent power of the Court."); E.D. Local Rule 183(a) (providing

22   that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local

23   Rules, and other applicable law may support, among other things, dismissal of that party's

24   action).

25          A court must weigh five factors in determining whether to dismiss a case for failure to

26   prosecute, failure to comply with a court order, or failure to comply with a district court's local

27   rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

28          (1) the public's interest in expeditious resolution of litigation; (2)

2

the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260–61; accord Pagtalunan, 291 F.3d at 642–43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995), cert. denied, 516 U.S. 838 (1995).  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, on balance the five relevant factors weigh in favor of dismissal of this action.  The first two factors strongly support dismissal of this action.  Plaintiff's failure to file an opposition and respond to this court's order strongly suggests that he has abandoned this action or is not interested in seriously prosecuting it.  See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").  Any further time spent by the court on this case, which plaintiff has demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources and take away from other active cases.  See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

In addition, the third factor, which considers prejudice to a defendant, supports dismissal. See Ferdik, 963 F.2d at 1262.  Defendants have appeared and filed motions responsive to plaintiff's complaint.  Plaintiff's failure to prosecute, however, has needlessly stalled the disposition of these motions.  Defendants have been prevented from attempting to resolve this case on the merits by plaintiff's unreasonable delay in prosecuting this action.  Unreasonable delay is presumed to be prejudicial.  See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

The fifth factor, which considers the availability of less drastic measures, also supports dismissal of this action.  The court has already pursued remedies that are less drastic than a recommendation of dismissal, including providing plaintiff with the opportunity to remedy his

1    failure to file an opposition.  See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir. 1987)

2    ("[E]xplicit discussion of alternatives is unnecessary if the district court actually tries alternatives

3    before employing the ultimate sanction of dismissal."), cert. denied, 488 U.S. 819 (1988).  Having

4    failed to receive a response from plaintiff, the court finds no suitable alternative to a

5    recommendation for dismissal of this action.

6         The court also recognizes the importance of giving due weight to the fourth factor, which

7    addresses the public policy favoring disposition of cases on the merits.  However, for the reasons

8    set forth above, factors one, two, three, and five strongly support a recommendation of dismissal

9    of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where

10   at least four factors support dismissal or where at least three factors 'strongly' support dismissal."

11   Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks

12   omitted).  Under the circumstances of this case, the other relevant factors outweigh the general

13   public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.

14        Accordingly, THE COURT HEREBY ORDERS that its February 24, 2016, scheduling

15   conference is VACATED.

16        THE COURT FURTHER RECOMMENDS that this action be dismissed without

17   prejudice pursuant to Federal Rule of Civil Procedure 41(b) and 4(m) and Local Rules 110 and

18   183(a).

19        These findings and recommendations are submitted to the United States District Judge

20   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14)

21   days after being served with these findings and recommendations, plaintiff may file written

22   objections with the court.  28 U.S.C. § 636(b)(1); see also E.D. Local Rule 304(b).  Such a

23   document should be captioned "Objections to Magistrate Judge's Findings and

24   Recommendations."  Failure to file objections within the specified time may waive the right to

25   ////

26   ////

27   ////

28   ////

4

appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED:  December 30, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5